IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE RANDOLPH      *

      v.          *   CIVIL ACTION NO. JFM-14-3609

UNITED STATES, *et al*.      *
NEW TECHNOLOGY HOME –
  BROADCASTING BUSINESS      *
*****

## MEMORANDUM

On November 17, 2014, plaintiff, a resident of Baltimore, Maryland filed this self-represented action, naming the United States of America and "New Technology" as defendants. In her statement of facts, she raises the following claims:

> "I do not hold U.S. government liable please prosecute defendants: Maryland invasion of privacy public disclosure violation. Refer to Rule 65 and 302. Motion to consolidate: First please consider to disconnect unlawful recording devices from my neighbors at 4234 Shamrock Ave that states New Technology (life) everywhere I go without my consent. Also, disconnect from their contractors or co-owner to prevent prohibited future advertising: mandate Federal Rules Illegal wiretap 18 U.S.C. § 2513 and 18 U.S.C. § 2512 to help restore my dignity and respect. I am a victim of cyber stalking (define) and cyberbullying 24/7. [Second,] I need equal justice –Burden of Proof: Locate unlawful devices with Rule CR #5-804: Administrative inspection warrants - seize and forfeit property. I need my relief granted due to: misappropriation punitive damages –mental distress – ongoing 8 years false imprisonment criminal cases #506069025 and #506069026 perjury –wrongfully adjudicated – No evidence No convictions. Loss wages – loss time Burden of Proof (Degree 2005 HIT)."

ECF No. 1 at p. 2.  Plaintiff asks that unlawful devices be disconnected and that she be awarded $3,000,000,000.00 in damages. *Id*. at p. 3.[1] Plaintiff has moved to proceed in forma pauperis. ECF No. 2. Because she appears indigent, she shall be granted leave to proceed without the prepayment of

---

[1] Attached to the complaint are copies of Maryland statutes relating to extortion, inspection warrants, prohibited transfer of recorded sounds or images, misuse of telephone facilities and equipment, and embezzlement.

the $400.00 civil filing fee. Her complaint shall, however, be summarily dismissed.[2]

Pursuant to 28 U.S.C. § 1915,[3] the courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted.  Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints.  See *Fogle v. Blake*, 227 Fed. Appx. 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner Complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In this case, plaintiff is proceeding pro se. When reviewing a pro se complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

---

[2] Plaintiff has filed several prior cases raising civil rights claims regarding alleged wiretapping by her neighbor.  *See Randolph v. State*, Civil Action No. GLR-14-2713 (D. Md.); *Randolph v. New Technology*, Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176; and *Randolph v. U.S. Attorney General, et al.*, Civil Action No. GLR-14-3298 (D. Md.).  All cases were summarily dismissed.

[3] The statute provides in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a pro se plaintiff's pleadings are liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, plaintiff must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. *Id.*

Upon generous construction of the complaint, the court finds that plaintiff has failed to set out a claim entitling her to relief. Sections 2512 and 2513 of Title 18 of the U.S. Code are criminal statutes and do not provide a basis to impose civil liability. *Flowers v. Tandy Corp.*, 773 F.2d 585, 588 (4th Cir. 1985). Moreover, to the extent that plaintiff asserts she is a crime victim, this Court has no authority to initiate criminal charges. In our legal system, the decision whether or not to prosecute, and for what offense, rests with the prosecution. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 1263 (2013). If plaintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities. Further, the factual

assertions and legal conclusions raised in the document regarding plaintiff's next door neighbor and wiretapping devices following plaintiff "everywhere" amount to continuous nonsensical chatter. The allegations are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed R. Civ. P 12 (b)(1). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *see also Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994). The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and must be dismissed.

For the aforementioned reasons, the Court hereby dismisses the case for the failure to state a claim against defendants.[4]

Date: December 12, 2014      \_\_/s/_____
J. Frederick Motz
United States District Judge

---

[4] On December 10, 2014, plaintiff filed a motion to consolidate. ECF No. 5. Given the decision issued by this court, the motion shall be denied.